# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JASON WENTZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:03-cv-1197-DFH-TAB |
| | ) | |
| ZETTIE COTTON, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

For the reasons set forth in this entry the petition for writ of habeas corpus must be **denied**.

## I. Background

Jason Wentz was convicted in Vanderburgh County of felony murder, kidnapping, burglary, robbery, residential entry, and two counts of auto theft. In a combined direct appeal and appeal from the trial court's denial of Wentz's motion for post-conviction relief, the Indiana Supreme Court found that the trial court had committed error by entering sentences for both felony murder and the kidnapping which was the felony supporting the felony murder conviction, and hence vacated Wentz's sentence for kidnapping and remanded with instructions to impose concurrent sentences on all remaining counts. *Wentz v. State,* 766 N.E.2d 351 (Ind. 2002).

Having exhausted his state court remedies, Wentz now seeks a writ of habeas corpus. His claims in the present action are that (1) the trial court violated Wentz's rights by describing to the venire the court's understanding of Wentz's theory of the case or position in the case during *voir dire*, (2) he was denied a fair trial because of extensive and prejudicial pre-trial publicity, and (3) he was denied the effective assistance of counsel at trial.

## II.  Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). See *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). Review of Wentz's habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or

involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted).The Seventh Circuit has explained that the "unreasonable application" prong of § 2254(d)(2) "is a difficult standard to meet." *Jackson v. Frank,* 348 F.3d 658, 662 (7th Cir. 2003).

> "unreasonable" means "something like lying well outside the boundaries of permissible differences of opinion." *Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002). We have held that under this criterion, habeas relief should not be granted if the state court decision can be said to be one of several equally-plausible outcomes. *Boss v. Pierce,* 263 F.3d 734, 742 (7th Cir. 2001).

*Id.* "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

In addition to the substantive standard reviewed above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 541 U.S. 386, 388 (2004). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's 'actual and substantial disadvantage'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner,* 375 F.3d at 648 (internal citations omitted).

### III.  Discussion

### A.  Trial Court's Comments During *Voir Dire*

The trial court told the jury venire its understanding of the case at the onset of *voir dire*. Wentz contends that this comment by the trial court violated his right to an impartial

jury under the Sixth Amendment, deprived Wentz of his Sixth Amendment right to cross-examination (treating the judge's statement as tantamount to testimony), and violated his right to be free from self-incrimination.

Wentz did not object to the trial judge's statement at the time it was made. He thus argued on appeal that the statement amounted to fundamental error, reviewable without the need to preserve the error. The Indiana Supreme Court reviewed the statement under this doctrine and concluded that, "[a]lthough the trial court's comments were unnecessary, they ultimately were essentially accurate, and there is no indication that they so prejudiced Wentz's rights as to make a fair trial impossible." *Wentz,* 766 N.E.2d at 357.

Indiana's doctrine of fundamental error is an adjudication which ordinarily constitutes "an independent and adequate state ground for the judgment, so that questions of federal law no longer affect[ed] the outcome." *Jenkins v. Gramley,* 8 F.3d 505, 507 (7th Cir. 1993); see *Willis v. Aiken,* 8 F.3d 556, 561 (7th Cir. 1993) (Indiana's review under the fundamental error doctrine is an independent and adequate state law ground for its decision). Accordingly, when the Indiana state courts have reached the merits of a claim under Indiana's doctrine of fundamental error, this is a signal for federal habeas corpus purposes that the issue has been waived, triggering the cause and prejudice or fundamental miscarriage of justice requirements for the federal habeas court to also reach the merits of the claim. *Id.* In any event, the Indiana Supreme Court's resolution of this issue was reasonable and was not contrary to controlling U.S. Supreme Court decisions.

## B. Prejudicial Pretrial Publicity

Wentz contends that he was denied a fair trial by being denied trial by an impartial jury, as a consequence of inflammatory and prejudicial pretrial publicity. The Indiana Supreme Court found that this claim had been waived because Wentz's attorney failed to respond to the trial court's request that he strike from a list of three other counties to select an alternate venue in the event that a panel from Vanderburgh County could not be seated. *Wentz,* 766 N.E.2d at 357. The Indiana Supreme Court then examined this claim "primarily because it is recast . . . as an ineffective assistance of counsel claim." *Id.* Wentz seeks to have this claim considered in a similar fashion here, as a basis for his claim of ineffective assistance of counsel.

## C. Ineffective Assistance of Counsel

Wentz argues that his trial counsel was ineffective. His specifications supporting this claim are that: (1) counsel failed to object to the trial court's comments to the venire regarding Wentz's theory of the case; (2) counsel inadequately attempted to change venue; and (3) counsel forced Wentz to testify.[1]

The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984). To support an

---

[1] Wentz has withdrawn two of his five specifications of ineffective assistance of counsel.

ineffective assistance of counsel claim under *Strickland,* Wentz must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 695. A failure to establish either prong would result in a denial of Wentz's claim. See *Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001). A court may address the prongs in any order. *Smith v. Robbins,* 528 U.S. 259, 286 n.14 (2000).The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688). To show prejudice under *Strickland,* a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Gallo-Vasquez v. United States,* 402 F.3d 793, 798 (7th Cir. 2005) (quoting *Strickland,* 466 U.S. at 694). The prejudice prong of *Strickland* requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Indiana Supreme Court correctly recognized the controlling *Strickland* standard in *Wentz.* Regarding the specifications of attorney ineffectiveness that counsel failed to object to the trial court's comments to the venire regarding its theory of the case and counsel inadequately attempted to change venue, the Indiana Supreme Court concluded that Wentz had failed to show prejudice in the sense contemplated by *Strickland.* The Indiana Supreme Court found that Wentz "has demonstrated no prejudice from the trial court's comments," and that Wentz "does not point to anything suggesting the jurors failed to render an impartial verdict, or that the result would have been different had the trial taken place in another county." *Wentz,* 766 N.E.2d at 360-61. The conclusion of the Indiana Supreme Court was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. A fair trial is understood as a trial resulting in a verdict worthy of confidence. *Kyles v. Whitley,* 514 U.S. 419 (1995). The Indiana Supreme Court considered the trial court's comments during *voir dire* and found that Wentz failed to demonstrate prejudice from the those comments. Although an objection could have been made, the absence of prejudice from the judge's comments compels the conclusion that Wentz was not prejudiced by his attorney's failure to make that objection.

The trial court denied the pretrial motion for change of venue, and directed the parties to strike counties only if a panel from Vanderburgh County could not be seated. A panel from Vanderburgh County was seated. Counsel's failure to strike was therefore of no consequence. These conclusions are thus entitled to § 2254(d)(1) deference. *Matheney v. Anderson,* 377 F.3d 740 (7th Cir. 2004) (citing *United States ex rel. Bell v. Pierson,* 267 F.3d 544, 557 (7th Cir. 2001) (noting that the AEDPA provides for clear error review of state court *Strickland* adjudications because of the inherent "element of deference to counsel's choices in conducting the litigation" in combination with the "layer of respect" added by 28 U.S.C. § 2254(d)(1))). Because "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus," *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997) (citations omitted), and because no such clear error occurred in *Wentz,* Wentz is not entitled to federal habeas relief based on these specifications of ineffective assistance of counsel.

Wentz's final specification of attorney ineffectiveness in this proceeding is that his attorney forced him to testify. The Indiana Supreme Court expressly found, however, that "although Wentz now contends that he should not have taken the stand, he did so freely." *Wentz,* 766 N.E.2d at 361. Wentz has not rebutted by clear and convincing evidence this factual finding. This eliminates the possibility of relief under § 2254(d)(2), and shows that Wentz's decision to testify was made precisely in accord with the federal constitutional standard. See *Jones v. Barnes,* 463 U.S. 745, 751 (1983)(the defendant is entitled to competent advice of counsel, but in the end it is the defendant's decision)(citing *Wainwright v. Sykes,* 433 U.S. 72, 93 n.1 (1977) (Burger, C.J., concurring)). The Indiana Supreme Court further found that it was not an unreasonable strategy "to have Wentz testify in an attempt to distinguish himself from Henson." *Id.* Wentz has failed to establish that the Indiana Supreme Court's application of *Strickland* to his decision to testify at trial was "contrary to," or involved an "unreasonable application of" clearly established federal law, and thus is impervious to federal habeas corpus relief.

## IV.  Conclusion

Wentz's conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. See *Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[2]  As to the claims which have been properly preserved for federal habeas review, Wentz has failed to show that the deference required by § 2254(d) does not compel the denial of his petition. His petition for a writ of habeas corpus is accordingly denied, and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

So ordered.

David F. Hamilton

_____
DAVID F. HAMILTON, Judge
United States District Court

Date:   1/20/2009

---

[2] Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).